UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

AIDEYAN OBADAGBONYI,

    Plaintiff,

v.

SKY RECOVERY SERVICES, LTD.,

    Defendant.

3:10-cv-0226-LRH-RAM

ORDER

    Presently before the court is plaintiff Aideyan Obadagbonyi's ("Obadagbonyi") motion for attorney's fees and costs filed on July 16, 2010. Doc. #14.[1] Defendant Sky Recovery Services, LTD. ("Sky Recovery") filed an opposition (Doc. #15) to which Obadagbonyi replied (Doc. #18).

**I.    Facts and Procedural History**

    On April 16, 2010, Obadagbonyi filed a complaint against Sky Recovery for violations of the Fair Debt Collection Practices Act ("FDCPA"). Doc. #1. In response to the complaint, Sky Recovery provided an offer of judgment which was accepted by Obadagbonyi. *See* Doc. ##12, 13. Pursuant to the offer of judgment, Obadagbonyi received one thousand dollars ($1,000.00) plus attorney's fees and costs. Doc. #14. Thereafter, Obadagbonyi filed the present motion for attorney's fees pursuant to the accepted offer of judgment. Doc. #14.

---

[1] Refers to the court's docket entry number.

**II.     Discussion**

Obadagbonyi seeks attorney's fees of $2,910.00 for over thirteen hours of work and costs of $525.00[2] for a total award request of $3,435.00. *See* Doc. #14. Obadagbonyi contends that she is entitled to fees and costs pursuant to the accepted offer of judgment which provides for the recovery of "costs of the court then accrued" and "attorney's fees at the rate and under the conditions specified in [her] attorney-client contract with [her counsel]." *See* Doc. #15, Exhibit D.

The court has reviewed the documents and pleadings on file in this matter and finds that Obadagbonyi is entitled to $525.00 in costs accrued in this matter because the award of costs is covered by the offer of judgment. *See* Doc. #15, Exhibit D; *see also, Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 833 (9th Cir. 1997) (holding that costs and fees should be awarded in accordance with the accepted terms of a settlement).

The court further finds that, based on the record before it, Obadagbonyi is not entitled to $2,910.00 in attorney's fees. Pursuant to the offer of judgment, Obadagbonyi is entitled to "attorney's fees at the rate and under the conditions specified in [her] attorney-client contract with [her counsel]." Doc. #15, Exhibit D. Here, Obadagbonyi's counsel provides a fee breakdown based on hourly rates but does not identify the contracted rates under the fees contract. Further, Obadagbonyi states that her contract with counsel was based upon a contingency fee rather than a hourly fee.

Finally, in support of her motion, Obadagbonyi has submitted a document identified as her fee agreement. However, the court finds that the unsigned, unauthenticated, and redacted document is insufficient to establish the fee rate and conditions of the contract necessary to support an award of fees pursuant to the offer of judgment. Accordingly, the court shall deny Obadagbonyi's request for attorney's fees without prejudice.

---

[2] The total costs arise from a single $350.00 filing fee and a $175.00 *pro hac vice* application fee.

1    IT IS THEREFORE ORDERED that plaintiff's motion for attorney's fees and costs (Doc.
2 #14) is GRANTED in-part and DENIED in-part.
3    IT IS FURTHER ORDERED that the clerk of court shall enter an award of costs in favor of
4 plaintiff in the amount of $525.00.
5    IT IS SO ORDERED.
6    DATED this 9th day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE